FILED MAR 13 2019 CLERK, US DISTRICT COURT NORFOLK, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SHAVIS HOLLOMAN, #1003701,

                Petitioner,

v.                                                    Action No. 2:18cv295

HAROLD CLARKE,
*Director for the Virginia Department of Corrections*,

                Respondent.

ORDER

The matter before the Court is a Report and Recommendation regarding Respondent's Motion to Dismiss the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Motion was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), and Local Rule 72 for report and recommendation ("R&R"). The R&R was filed on January 4, 2019 and recommended granting the Motion to dismiss. Petitioner subsequently filed objections. This Court has reviewed the record and has considered the objections. After making *de novo* findings regarding the portions objected to, and for the reasons stated herein, the Court **ADOPTS** the Report and Recommendation and **GRANTS** Respondent's Motion for dismissal of Mr. Holloman's Petition.

**I.    BACKGROUND**

Mr. Holloman filed a Petition under § 2254 alleging several constitutional violations regarding his prosecution and appeal. In the Motion to Dismiss (ECF No. 9), Respondent argues that the record considered by the Virginia Supreme Court supports that trial counsel's "assessment of the nature of the immunity agreement was not deficient under the highly deferential standard of

1

review mandated by *Strickland*, and [trial counsel] never assured petitioner that an argument that he had received transactional immunity was certain to prevail in any direct appeal." ECF No. 11 at 9 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) that the "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. The R&R recommends granting the Government's Motion to Dismiss Mr. Holloman's Petition.

II. ANALYSIS

According to Petitioner, the R&R erred by finding that trial counsel's alleged misinterpretation of the Immunity Agreement did not violate the *Strickland* standard of effective assistance of counsel. ECF No. 26 at 1.

After *de novo* review of the record, this Court concludes that Mr. Holloman fails to demonstrate the first prong of ineffective assistance of counsel under *Strickland*, and the R&R correctly concludes the same. A petitioner must overcome the presumption that the challenged conduct might be the "result of sound trial strategy." *Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). Trial counsel argued that an indictment against Petitioner should have been dismissed because Petitioner had bargained for "transactional" immunity in exchange for cooperation. The Virginia Supreme Court rejected this interpretation of the Immunity Agreement, holding that Petitioner was afforded only "use" immunity for his cooperation. Nevertheless, trial counsel adopted a reasonably prudent strategy that included (1) using the alleged ambiguity in the immunity agreement to try to secure the dismissal of the charges, and (2) defending Mr. Holloman at trial when the court did not dismiss the charges, while preserving his arguments about the

immunity agreement for appeal. ECF No. 29 at 31. Mr. Holloman fails to overcome the presumption that counsel's strategy, even if ultimately unsuccessful, was reasonable.

Following *de novo* review of the record, Mr. Holloman also fails to demonstrate the prejudice prong of ineffective assistance of counsel under *Strickland*, and the R&R correctly concludes the same. To demonstrate prejudice, Mr. Holloman must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Mr. Holloman alleges that counsel's advice about the Immunity Agreement caused him to reject favorable plea deals. He argues that counsel guaranteed success on appeal. The record does not support that such a promise was made. ECF No. 23 at 31.

The state trial court rejected Mr. Holloman's claims that counsel caused him to reject plea deals. ECF No. 11 at 9. The record shows that Mr. Holloman construed the plea offers resulting in more than twenty years' incarceration as tantamount to a life sentence. *Id.* The Virginia Supreme Court found that Mr. Holloman "entered into the immunity agreement in hopes of obtaining a plea agreement to avoid a life sentence, [and] understood he would still be prosecuted for his role in the crimes." ECF No. 23 at 29. The result would have been the same if counsel had advised Mr. Holloman that the Immunity Agreement was for "use" immunity rather than transactional. In either course, Mr. Holloman would be prosecuted for his violent crimes. Therefore, Mr. Holloman suffered no prejudice even if counsel allegedly misinterpreted the Immunity Agreement. The objections to the R&R are **OVERRULED**.

## III. CONCLUSION

The Court, having reviewed the record and making *de novo* findings regarding the positions

of the R&R objected to, **ADOPTS AND APPROVES** the findings and recommendations set forth in the Report and Recommendation (ECF No. 23). It is therefore **ORDERED** that Respondent's Motion to Dismiss (ECF No. 9) the Petition is **GRANTED**.

Mr. Holloman is **ADVISED** that if he intends to appeal this Final Order and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, he must forward a Notice of Appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510 within sixty days from the date of this Order.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

March 12th, 2019
Norfolk, Virginia